**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **EZEKIEL GAMBLE, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:12-cv-430 (HL)** |
| | : | |
| **SERGEANT BALL,** *et al.*, | : | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is the Motion to Dismiss filed by Defendants Sergeant George Ball and Officer Brian Cappo. Doc. 17. For the reasons stated below, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ezekiel Gamble Jr., who is proceeding *in forma pauperis* in the above-styled case, is an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia. Doc. 1. On October 30, 2012, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants Sergeant George Ball, Officer Brian Cappo, and Officer Charlie Smith in their individual capacities only. Id.

According to the complaint, Plaintiff, who alleges he is mentally ill, was injured by a fire of unspecified size and duration in his cell on February 3, 2012.[1] Id. Plaintiff alleged that Sergeant Ball, Officer Smith, and Officer Cappo failed to assist Plaintiff after the fire started, during which time Plaintiff coughed and experienced painful breathing. Specifically, Plaintiff alleged that Sergeant Ball, Officer Smith, and Officer Cappo did not open the tray flap to allow

---

[1] The disciplinary report worksheet completed after the fire by Officer Smith, which Plaintiff attaches as an exhibit to his complaint, indicates that Plaintiff started the fire in his cell and that Plaintiff subsequently received a disciplinary charge for "causing a fire without permission." Doc. 1-3.

Plaintiff to breathe, did not provide Plaintiff with a fire extinguisher, and did not take Plaintiff to the medical department. Plaintiff also alleged that he injured his right hand when he put his burning clothing in the toilet to stop the fire. In addition, Plaintiff alleged that he was left in his cell where smoke remained present for approximately 45 minutes after extinguishing the fire.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, and after acknowledging that Plaintiff's damages may be minimal, the Court allowed Plaintiff to proceed with his deliberate indifference claim under the Eighth Amendment against Sergeant Ball, Officer Smith, and Officer Cappo. Doc. 7. On March 15, 2013, Sergeant Ball and Officer Cappo filed their motion to dismiss.[2] Doc. 17. Plaintiff responded to the motion to dismiss. Doc. 21.

<u>DISCUSSION</u>

The Motion to Dismiss argues, *inter alia*, that Plaintiff fails to state a claim upon which relief may be granted and that Defendants are entitled to qualified immunity. Because Plaintiff does not state a deliberate indifference claim upon which relief may be granted under the Eighth Amendment, Plaintiff's claim against Sergeant Ball and Officer Cappo must be dismissed. In the alternative, Plaintiff's claim against Sergeant Ball and Officer Cappo fails because Defendants are entitled to qualified immunity for any deliberate indifference claim brought against them in their individual capacities.

A. <u>Failure to State a Claim</u>

1. *Legal Standards*

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[2] Officer Smith has not yet been served despite the Court's ongoing efforts to effectuate service. Docs. 10, 11, 12, 13, 20, 26, 27, 28, 29, 37, 38, 39.

relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678, citing <u>Twombly</u>, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. <u>Lopez v. Target Corp.</u>, 676 F.3d 1230, 1232 (11th Cir. 2012). The Court also must limit its consideration to the complaint and any written instruments attached as exhibits to it. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 323 (2007). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" <u>Iqbal</u>, 556 U.S. at 678, quoting <u>Twombly</u>, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 679, citing <u>Twombly</u>, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011).

   2. *Plaintiff's Eighth Amendment Claim*

       The Eight Amendment prohibits cruel and unusual punishment, but "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (quotations and citations omitted). All claims challenging conditions of confinement under the Eighth Amendment mandate that a prisoner demonstrates an "unquestioned and serious deprivation of basic human needs" such as, health or safety. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent such conditions are

restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id.

To establish deliberate indifference to his health or safety, a prisoner must produce sufficient evidence of (1) a substantial risk of serious harm; (2) a prison official's deliberate indifference to that risk; and (3) causation. Purcell v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005). "To be deliberately indifferent, a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Purcell, 400 F.3d at 1319-1320, quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). Stated slightly differently, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

In this case, Plaintiff fails to state a plausible Eighth Amendment claim because he does not allege facts sufficient to satisfy the objective component of his deliberate indifference claim. Under the objective component, Plaintiff must prove the condition of which he complains is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). Plaintiff does not include sufficiently specific facts to allow the Court to infer that the failure of Defendants either to open the tray flap or to provide Plaintiff with a fire extinguisher were the sort of "extreme deprivations" required to plead a cognizable conditions of confinement claim. Hudson, 503 U.S. at 9. Although Plaintiff summarily alleges that he suffered from coughing, painful breathing, and a singed right palm, Plaintiff also does not include sufficiently specific facts to allow the Court to infer that any of these injuries rose to the level of an

objectively serious medical need that, if left unattended, posed a substantial risk of serious harm. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009). Therefore, Plaintiff does not satisfy the objective component of his Eighth Amendment claim.

Plaintiff also fails to state a plausible Eighth Amendment claim because he does not allege facts sufficient to satisfy the subjective component of his deliberate indifference claim. Under the subjective component, Plaintiff must prove that Defendants acted with "deliberate indifference." Farmer, 511 U.S. at 837. Plaintiff does not include sufficiently specific facts to allow the Court to infer that Defendants had: (1) subjective knowledge of a risk of serious harm; (2) disregarded that risk; (3) by conduct that amounted to more than gross negligence. Thomas, 614 F.3d at 1312. According to Plaintiff's complaint, when Officer Smith and Officer Cappo became aware of the fire in Plaintiff's cell, they left for five minutes before returning with a superior officer, Sergeant Ball. After assessing the situation, Sergeant Ball instructed Plaintiff to extinguish the fire. Plaintiff successfully extinguished the fire by placing the burning clothing in the toilet in his cell. As such, Plaintiff's own allegations suggest that Defendants acted quickly and reasonably after they first learned of the fire that Plaintiff started in his cell. See Farmer, 511 U.S. at 845 (explaining that "prison officials who act reasonably cannot be found liable."). Moreover, nowhere in Plaintiff's complaint does Plaintiff allege that either Sergeant Ball or Officer Cappo was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that either Sergeant Ball or Officer Cappo also drew that inference. Purcell, 400 F.3d at 1319-1320. Therefore, Plaintiff does not satisfy the subjective component of his Eighth Amendment claim.

Finally, even if the Court assumes that Plaintiff could satisfy both the objective and subjective component of his Eighth Amendment claim, Plaintiff's claim nevertheless would fail

because he does not allege facts sufficient to satisfy the causation component of his deliberate indifference claim. See Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) ("[A]s with any tort claim, [a plaintiff] must show that the injury was caused by the defendant's wrongful conduct."). Accordingly, even after accepting the factual allegations in Plaintiff's complaint as true and construing those allegations in the light most favorable to Plaintiff, Plaintiff simply does not allege "sufficient factual matter" to state a deliberate indifference claim under the Eighth Amendment that is "plausible on its face." Iqbal, 556 U.S. at 678.

B. Qualified Immunity

Alternatively, Plaintiff's claims against Sergeant Ball and Officer Cappo fail because Defendants are entitled to qualified immunity for any deliberate indifference claim brought against them in their individual capacities. "Qualified immunity protects government officials performing discretionary functions from civil trials [...] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Santamorena v. Georgia Military College, 147 F.3d 1337, 1339-1340 (11th Cir. 1998) (quotations and citations omitted). Stated another way, qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (quotations and citations omitted). A government official acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver, 586 F.3d at 905. Courts need not consider the two prongs of the qualified

immunity analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id., citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Here, Defendants are entitled to qualified immunity because the factual allegations in Plaintiff's complaint do not establish a cognizable constitutional violation, and because the illegality of Defendants' actions was not clearly established at the time of the alleged violation. See Oliver, 586 F.3d at 905. A constitutional right can be clearly established only if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violated that right." United States v. Lanier, 520 U.S. 259, 270 (1997). Based on the limited factual allegations set forth in the complaint, it is impossible to conclude that Defendants would understand that what they did in this case violated Plaintiff's clearly established constitutional rights because preexisting case law does not demonstrate the apparent unlawfulness of Defendants' alleged actions or inactions. See Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citations omitted) ("This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful; but it is to say that in the light of preexisting law the unlawfulness must be apparent.").

Accordingly, because Plaintiff is attempting to proceed under 42 U.S.C. § 1983 against Sergeant Ball and Officer Cappo in their individual capacities only, Defendants are protected by qualified immunity.

<u>CONCLUSION</u>

Because Plaintiff does not state a deliberate indifference claim upon which relief may be granted under the Eighth Amendment, and because Defendants are entitled to qualified immunity for any deliberate indifference claim brought against them in their individual capacities, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 17) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

      **SO RECOMMENDED**, this 28th day of January, 2014.

                                     s/ Charles H. Weigle

                                     Charles H. Weigle

                                     United States Magistrate Judge