IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EZEKIEL GAMBLE, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:12-cv-430 (HL) |
| | : | |
| OFFICER CHARLIE SMITH, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the limited issue of whether to dismiss Defendant Officer Charlie Smith for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons stated below, it is **RECOMMENDED** that Officer Smith be **DISMISSED WITHOUT PREJUDICE** for failure to effect timely service despite the Court's exhaustion of all reasonable efforts.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ezekiel Gamble Jr., who is proceeding *in forma pauperis* in the above-styled case, is an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia. Doc. 1. On October 30, 2012, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 against Defendants Sergeant George Ball, Officer Brian Cappo, and Officer Charlie Smith in their individual capacities only. Id.

According to the complaint, Plaintiff, who alleges he is mentally ill, was injured by a fire of unspecified size and duration in his cell on February 3, 2012.[1] Id. Plaintiff alleged that Sergeant Ball, Officer Smith, and Officer Cappo failed to assist Plaintiff after the fire started,

---

[1] The disciplinary report worksheet completed after the fire by Officer Smith, which Plaintiff attaches as an exhibit to his complaint, indicates that Plaintiff started the fire in his cell and that Plaintiff subsequently received a disciplinary charge for "causing a fire without permission." Doc. 1-3.

during which time Plaintiff coughed and experienced painful breathing. Specifically, Plaintiff alleged that Sergeant Ball, Officer Smith, and Officer Cappo did not open the tray flap to allow Plaintiff to breathe, did not provide Plaintiff with a fire extinguisher, and did not take Plaintiff to the medical department. Plaintiff also alleged that he injured his right hand when he put his burning clothing in the toilet to stop the fire. In addition, Plaintiff alleged that he was left in his cell where smoke remained present for approximately 45 minutes after extinguishing the fire.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, and after acknowledging that Plaintiff's damages may be minimal, the Court allowed Plaintiff to proceed with his deliberate indifference claim under the Eighth Amendment against Sergeant Ball, Officer Smith, and Officer Cappo. Doc. 7. On March 15, 2013, Sergeant Ball and Officer Cappo filed their motion to dismiss. Doc. 17. Plaintiff responded to the motion to dismiss. Doc. 21.

On January 28, 2014, the Court recommended that Sergeant Ball and Officer Cappo's motion to dismiss should be granted.[2] Doc. 40. After Plaintiff failed to object to the recommendation, the Court adopted the recommendation and granted the motion to dismiss. Doc. 41. When the Court granted Sergeant Ball and Officer Cappo's motion to dismiss, Officer Smith became the only remaining Defendant in this case. Id. To date, Officer Smith has not been served with the summons and complaint despite numerous efforts by the Court to effectuate service. Docs. 10, 11, 12, 13, 20, 26, 27, 28, 29, 37, 38, 39, 42.

DISCUSSION

Because the record establishes that Officer Smith could not be located and served with reasonable effort by the Court, it is appropriate to dismiss the remaining deliberate indifference claim against Officer Smith for failure to achieve timely service. Pursuant to Rule 4(m) of the

---

[2] The Court's reasoning for granting the motion to dismiss would generally apply to Plaintiff's claims against Officer Smith as well.

2

Federal Rules of Civil Procedure, where the plaintiff fails to serve process within 120 days of filing the complaint and does not show good cause for his failure, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Generally, "the failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). Even so, the Eleventh Circuit concluded that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).

In this case, the record establishes that the Court cannot locate Officer Smith, who is no longer an employee of the Georgia Department of Corrections, with reasonable effort. To date, the Court made the following reasonable efforts to timely serve Officer Smith with the summons and complaint: (1) ordering service on Officer Smith at Georgia Diagnostic and Classification Prison by mail (Docs. 10, 11); (2) notifying Plaintiff that the Court had received an unexecuted process receipt and return for Officer Smith and directing Plaintiff to provide additional information about Officer Smith's current whereabouts so that the Court could continue its efforts to effectuate service (Docs. 12, 13); (3) limiting the stay of discovery to allow Plaintiff to continue with his efforts to ascertain any information that Sergeant Ball and Officer Cappo may have concerning the current whereabouts of Officer Smith (Doc. 20); (4) requesting that counsel for Sergeant Ball and Officer Cappo, both of whom are current employees of the Georgia Department of Corrections represented by the Attorney General of the State of Georgia, furnish

the Court with any information available to him regarding Officer Smith's current whereabouts (Doc. 26); (5) attempting to serve Officer Smith by mail on multiple occasions at the updated address provided by counsel for Sergeant Ball and Officer Cappo (Docs. 27, 28, 29); (6) ordering personal service on Officer Smith at the updated address provided by counsel for Sergeant Ball and Officer Cappo (Doc. 37); and (7) attempting to personally serve Officer Smith on multiple occasions without success (Docs. 38, 39, 42).

In sum, the Court remains unable to locate and serve Officer Smith with the summons and complaint despite the Court's exhaustion of all reasonable efforts to do so between January 2013 and March 2014. Accordingly, it is appropriate for the Court to dismiss Plaintiff's remaining deliberate indifference claim against Officer Smith because the record establishes that Officer Smith could not be located with reasonable effort by the Court to effectuate service on behalf of Plaintiff. See Richardson, 598 F.3d at 740; see also Fed. R. Civ. P. 4(m).

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that Officer Smith be **DISMISSED WITHOUT PREJUDICE** for failure to timely serve. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom the case is assigned **within fourteen (14) days** after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of March, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge